UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

UNITED STATES OF AMERICA,                       Docket No.: 23-319 (DLI)

                    -against-

                                                **DEFENDANT'S PRE-SENTENCE**
SHACHAR BIVAS                                   **MEMRANDUM**

                                                The Honorable Dora L. Irizarry
                    Defendant.
--------------------------------------------------X


1.      NIPUN MARWAHA, an attorney duly admitted to practice law in the United States
District Court, Eastern District of New York, hereby respectfully submits this Pre-Sentence
Memorandum on behalf of Defendant SHACHAR BIVAS.

## I. PRELIMINARY

2.  Mr. Bivas was arrested on August 7, 2023, and charged with Interference with a Flight
    Attendant (Count One), in violation of Title 49, United States Code, Section 45604,
    and Assault in the Special Maritime and Territorial Jurisdiction of the United States
    (Count Two), in violation of 18 U.S.C. § 113(a)(4).  Mr. Bivas was released on a
    $100,000 unsecured bond on the very same day and remains at liberty.

3.  For the reasons set forth in this Memorandum the defense respectfully requests that
    this Court:

    a.  impose a sentence of time served, or in the alternative;

    b.  withhold a sentence of imprisonment and sentence Defendant to a period of
        Supervised Release, or in the alternative;

    c.  withhold a sentence of imprisonment and sentence Defendant to a period of
        Probation;

    d.  impose no fine or a nominal financial penalty at sentence, due to Defendant's
        inability to pay; and

    e.  grant such other and further relief that this Court may deem just and proper.

## II. STATUTORY FACTORS FOR THE COURT TO CONSIDER

4.  18 U.S.C. § 3553 sets forth factors for the Court to consider in imposing sentence. An
    application of these factors to the facts of the instant case are provided as follows.

*a. Nature and Circumstances of the Offense and the*
*History and Characteristics of the Defendant*

5. The United States Supreme Court has held that [a] sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. **Highly relevant - if not essential - to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics**. Williams v. New York, 337 U.S. 241, 247 (1949) (emphasis added).

### *Family History*

6. Defendant's family history is detailed in the Pre-Sentence Report (hereinafter referred to as the "PSR"). Defendant has two siblings that are married with children and an elderly mother that relies on him for financial and moral support after the death of her husband. The PSR makes clear that while shocked and ashamed upon hearing of the underlying incident, they are supportive of him. PSR ¶¶ 32-37. His brother and girlfriend have pledged to stand by him through this difficult process, notwithstanding the consequences that may befall him.

### *Employment and Educational History*

7. Defendant's employment/educational history are detailed in the PSR. As verified by Pretrial Services, Defendant, prior to his arrest, had maintained full-time employment. PSR ¶¶ 46-55. Since his arrest, Defendant has continued to maintain full time employment. PSR ¶ 49. Defendant was forthright, honest, and upfront about any current and prior use of substances. He admitted to his Pre Trial Services Officer that he had used marijuana on Valentine's Day, prior to having been administered a chemical test. Indeed, Mr. Bivas, was under the mistaken impression that the Court's Order was not to abuse any substances and mistook that to mean that he was not to partake in a way that would cause him to lose control of himself. His single positive test was after he had consumed a small amount of alcohol and marijuana at a Valentines Dinner with his girlfriend. Since that test, Mr. Bivas has repeatedly tested negative. This shows that Defendant can lead a productive, law-abiding life.

### *Character of the Defendant*

8. This case represents Defendant's first contact with the criminal justice system since 2015. PSR ¶ 24. Mr. Bivas, now 44 years old, had two prior contacts with the criminal justice system, when he was 25 and 35. Notably, the first incident was resolved with a *non-criminal* disposition. These three incidents are all related to his now diagnosed Alcohol Disorder which appeared to be in remission and was triggered by the death of his father. PSR ¶ 42. Mr. Bivas, a military veteran, when not under the influence of excess alcohol has always shown deference to the Court and other figures of authority.

Aside from the times where he is regrettably not in control due to the over consumption of alcohol, he has always received a positive assessment of his behavior and demeanor. PSR ¶ 42, 73 Indeed, even shortly after the incident while still on the flight, Mr. Bivas was communicating with flight crew and asked them to extend his apologies to the member with which he the altercation.  PSR ¶ 6-7. He was arrested without incident at his residence on August 7, 2023 (PSR ¶ 7) and he has demonstrated an acceptance of responsibility by pleading guilty early in the case thereby relieving the Government of the burden of preparing for trial. PSR ¶¶ 11, 20.  It was also noted that Defendant is remorseful of his actions PSR ¶ 41.

### *Offense Characteristics*

9.  The characteristics of the instant offense and the Defendant's participation are detailed in the PSR in Paragraphs # 3-7. It is accepted as fact that the offense resulted in physical injury to an individual, and the Defendant by no means is attempting to minimize the seriousness of the entire incident for which he is taking responsibility.  That being said, it is important to note that the injury was a minor scratch (depicted on Government's Memorandum Page 2).  Indeed, the damage was so minimal that John Doe seemingly has elected to not respond to requests for information relating to restitution.

10. Further, Defendant did not impede or obstruct justice once the incident had been resolved aboard the aircraft.  He complied with the directives given to him by crew and Port Authority Police.

    b.  *The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offens*e

11. For the reasons that follow, the defense respectfully submits that the Court is justified in making the finding that any of the sentences proposed by the defense will reflect the seriousness of Defendant's offense while promoting respect for the law and fairly punishing Defendant.

    c.  *The Need for the Sentence Imposed to*
       *Afford Adequate Deterrence to Criminal Conduct*

12. Incarceration or excessive sentence would not be appropriate for the purposes of deterrence in this matter given that Defendant's conduct was not the result of pre-meditation or a desire to act in such an abhorrent way but rather the result of massive personal trauma and an undiagnosed Alcohol Disorder.  In the instant matter where the catalyst of the outburst was a traumatic experience coupled with the inappropriate self-medication for that trauma in the form of alcohol, Defendant and society as a whole

would be better served by rehabilitation over incarceration. Indeed, Defendant is voluntarily receiving treatment.

13. General deterrence has also been heavily criticized for relying on publicity of heavy punishments; it has been described as "the least effective and least fair principle of sentencing." Martin, Jacqueline (2005). The English Legal System (4th ed.), p. 176. London: Hodder Arnold. ISBN 0-340-89991-3.

14. Whatever the viewpoint, Defendant's felony conviction and the consequences that follow are sufficient to send a strong message to the public and deter others from engaging in similar conduct.

### d. The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant

15. In addition to the reasons set forth above, Defendant fully understands that he stands before the Court as a convicted felon, and that if he is re-arrested for any crime in the future, this conviction will serve to act as an enhancement of any future sentence, which may be greater than the sentence he will receive in this case. This alone will deter him from the commission of future crimes.

16. Moreover, as evidenced by his mostly law-abiding life prior to being arrested, his ability to maintain meaningful full-time employment, and his successful and complete participation and attendance in programs he volunteered to attend, Defendant has already proven that he can live a law-abiding, productive, and purpose-driven life. Any of the sentences proposed herein will provide Defendant with the means and opportunity to rebuild his life, whereas any prolonged period of imprisonment will be counterproductive and will run the risk of turning him into a hardened criminal. It is clear from the Presentence Investigation Report that Defendant is not in need of incarceration, where he will be housed with individuals that will be a bad influence on him. Instead, Defendant requires treatment for his Moderate to Severe Alcohol Disorder (PSR¶ 42) and that can be better accomplished if we were to remain close to his supportive family and friends.

### e. The Kinds of Sentences Available

17. The instant charges carry a maximum sentence of 20 years imprisonment/$250,000 fine. As an alternative, the Court may sentence Defendant to a period of Supervised Release or Probation. PSR ¶¶ 62-66. For the reasons that follow, the defense respectfully requests that the Court consider a non-custodial sentence.

## III. MITIGATING FACTORS

### a. Acceptance of Responsibility

18. By his guilty plea, Defendant has demonstrated an acceptance of responsibility for his transgressions by truthfully answering the Court's questions during the allocution and admitting to the conduct which forms the basis of the offense for which he stands convicted. By this act of contrition alone, Defendant qualifies for an offense level adjustment for acceptance of responsibility under the Sentencing Guidelines. The PSR agrees with this determination. PSR ¶¶ 11, 20.

19. In addition, because he pleaded guilty early in this case, and certainly before any trial date was set by the Court, he has spared the Government the trouble and expense of preparing for trial, and the witnesses and the Court from any resultant inconvenience. The defense respectfully urges the Court to take this into account as well.

20. Putting aside the act of pleading guilty, Defendant has expressed remorse for his actions and the direction his life has taken. He has fully recognized that it was his reckless choices that led him to the position that he is in now, and regrets having chosen this path.

   b.   *The Defendant Has Provided Assistance to Law Enforcement*

21.  As noted in the PSR, Defendant was arrested without incident and he has not impeded or obstructed justice in any way.

   c.   Lack of Extensive Criminal Record

22. Defendant is not a Career Offender with a significant criminal record. His prior convictions are roughly separated by a decade between each incident.  It is also important to note that aside from the instant matter, Defendant only has one prior misdemeanor conviction (which is related to alcohol disorder) and no felony convictions and therefore cannot be deemed to have an extensive record.

23. Moreover, he has not engaged in any criminal conduct since his release from custody in August 2023.

   d.   *Defendant's Conduct Was the Result of Circumstances Unlikely to Recur*

24. It is both the assessment of a trained clinician provided by Pre Trial Services and the Defendant's brother that this specific incident was triggered by the death of his father. PSR ¶ 37, 41-42.  Given this is a once in a lifetime occurrence and that his adverse reaction manifested in a way that has brought him to this Court, where he is now receiving treatment (for which he volunteered) the likelihood that this conduct recurs is minimal to non-existent.  Defendant has vowed to never engage in criminal activity again. He is older, wiser, and more experienced, than he was when he committed these offenses, and he can see situations like those that resulted in this prosecution develop well in advance and he is equipped to avoid them.

e. *Character and Personality Traits of the Defendant Indicate that He is Unlikely to Reoffend/Commit Future Crimes, or that He is a Danger to the Community*

25. Defendant maintained full-time employment prior to his arrest, and since his arrest. PSR ¶¶ 49. Despite his one failed urinalysis which returned a positive result for marijuana (a substance which has been decriminalized in the state of New York), Defendant has since tested negative for all substances including alcohol for the past three full months. As such, he has proven to the Court and the Government that he can lead a normal, law-abiding, productive, and purpose-driven life.

f. *Imprisonment Would Entail Excessive Hardship to Himself and His Family*

26. Mr. Bivas is now in a situation where he faces prison time and the hardship that prison entails. Prolonged imprisonment would be counterproductive for his healing and constitute a significant setback. He would most likely lose his employment and business for which he is the sole employee thereby making it significantly difficult to care for family members that are dependent on him for work and support.

## *IV. LACK OF AGGRAVATING FACTORS*

27. Several aggravating factors are listed below to illustrate the lack thereof.

a. *The Nature and Circumstances of the Offense, and the Role of the Defendant Therein, Including Whether or Not it was Committed in an Especially Heinous, Cruel, or Depraved Manner*

28. This aggravating factor is inapplicable to the instant case. The circumstances which gave rise to the offense, and the nature thereof, are detailed above. There is nothing contained in the PSR to suggest that Defendant acted in committed in a heinous, cruel, or depraved manner.

b. *The Risk that the Defendant Will Commit another Future Offense*

29. For the reasons stated above, there is little, if any risk, that Defendant will commit any future offenses. He has repeatedly shown remorse, volunteered and continues to abide by treatment and, moreover, as a convicted felon, Defendant faces the prospect of any future sentence being enhanced by virtue of this conviction.

## *VI. ADDITIONAL CONSIDERATIONS & CONCLUSION*

30. In a speech given at the 2003 American Bar Association Annual Meeting, Supreme Court Justice Anthony Kennedy delivered the keynote address, challenging the legal profession and the ABA to begin a new public discussion about American sentencing and corrections policies and practices. In discussing the problems plaguing our present criminal justice system, he stated:

*Our resources are misspent, our punishments too severe, our sentences too long.*

31. Justice Kennedy also stated candidly that ***"every day in prison is much longer than most any day you have ever spent."*** In response to Justice Kennedy's comments, the Justice Kennedy Commission was formed in 2004, which set forth the following recommendations in their report to the United States House of Representatives:

    - Lengthy periods of incarceration should be reserved for offenders who pose the greatest danger to the community and who commit the most serious offenses
    - Alternatives to incarceration should be provided when offenders pose minimal risk to the community and appear likely to benefit from rehabilitation efforts

32. Justice Kennedy's words ring true here. Shachar Bivas, who was on that flight in May 2023 has spent the last year bettering himself to become the Defendant who stands before the Court awaiting sentence. Defendant has re-evaluated his life and he has made the choice to heal his mental illness that causes him to cope with trauma in destructive ways.

33. Defendant can remain in society as a productive individual. He fully understands that if the Court were to give him an opportunity to reform his life and make the necessary positive changes, there would be no second chances. He knows he has a lot at stake, and he verily believes that he can meet that challenge. The sooner he is given the opportunity, the sooner he will prove himself to the Court, to his family, and to the community.

34. The United States Supreme Court recognized the principle that "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime. The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender." Williams v. New York, 337 U.S. 241, 248 (1949).

35. Defense respectfully directs the Court's attention to the U.S. Probation Department's Sentence Recommendation. They submitted that Defendant should be given 2 years of Probation in lieu of incarceration. They stated that during that probation Defendant should undergo a drug treatment program. Further they suggested a $100 special assessment fee and no fine given Defendant's likely inability to pay.

36. Most notably both in the recommendation and the PSR, it is stated that Mr. Bivas has a mitigating factor that warrants a variance from the guidelines. PSR ¶ 73.

    "The defendant was returning home from Israel after the recent death of his father at the time of the instant offense. […] the defendant and his siblings stayed with their father during the final hours of his life, which was a traumatic experience for the defendant. As a result, the defendant turned to alcohol as a coping mechanism for his grief. […] the defendant also suffers from a history of struggling with alcohol abuse. Your Honor may *consider this as a mitigating factor warranting a variance*."

37. Here, based upon all the information that this Court has at its disposal, a non- custodial sentence is more than sufficient to fit the crime. As such, the defense respectfully requests that this Court impose a non-Guideline sentence, and sentence Defendant as follows:

(A) impose a sentence of time served, or in the alternative;

(B) withhold a sentence of imprisonment and sentence Defendant to a minimum period of Supervised Release, or in the alternative;

(C) withhold a sentence of imprisonment and sentence Defendant to a minimum period of Probation, or in the alternative;

(D) impose no fine or a nominal financial penalty at sentence, due to Defendant's inability to pay; and

(E) grant such other and further relief that this Court may deem just and proper.

Dated: Massapequa Park, New York
May 22, 2024

Respectfully Submitted,

_____/s/ Nipun Marwaha_____
Nipun Marwaha, Esq.
Marwaha Law Group, PLLC
*Attorneys for Defendant*
4940 Merrick Road, Suite 179
Massapequa Park, NY 11762
(516) 988-8866
Nipun@MarwahaLaw.com

CC:

The Honorable Dora L. Irizarry – (by ECF, eMail, and UPS)
AUSA David Berman (by ECF, eMail)
U.S. Probation Officer Alexandria Lohwasser (by eMail)